

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00322-CR

Sean Anthony **JONES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 6, Bexar County, Texas
Trial Court No. 611752
Honorable Wayne A. Christian, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
              Beth Watkins, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: July 10, 2019

DISMISSED; MOTION DENIED

Pursuant to a plea-bargain agreement, appellant pleaded *nolo contendere* to the offense of resisting arrest. The trial court assessed punishment at thirty-nine days in jail with a fine of $350.00 and court costs of $422.00. On April 17, 2019, the trial court signed a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2).

"In a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to

appeal." *Id.* 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. *See id.* The trial court's certification, therefore, appears to accurately reflect that this is a plea-bargain case and that appellant does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* 25.2(d).

We, therefore, warned appellant that this appeal would be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless an amended trial court certification showing that he had the right to appeal was made part of the appellate record. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order). No such amended trial court certification has been filed. Rather, appellant filed a Motion for Expedited Dismissal of Appeal in which appellant requested appellant "be given a new trial in this case."

We deny appellant's motion, and we dismiss this appeal pursuant to Texas Rule of Appellate Procedure 25.2(d).

PER CURIAM

DO NOT PUBLISH